IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERRANCE ARNEZ
MCCAULEY-BEY,

          Petitioner,

v.                                     OPINION and ORDER

                                             22-cv-73-wmc[1]

JEFFERSON COUNTY SHERIFF'S
OFFICE,

          Respondent.

Terrance Arnez McCauley-Bey, also known as Terrance A. McCauley, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a brief in support. McCauley-Bey is serving a state sentence after being convicted of third-degree sexual assault. *See State v. McCauley*, Jefferson County Case No. 2019CF96. He argues that the state court lacked jurisdiction over him because he is a foreign citizen "of the Moorish American Theocracy duly registered in the 1928 vast estate of the great Prophet Noble Drew Ali." Dkt. 2 at 4.

McCauley-Bey's arguments derive from "sovereign citizen" theories that have been rejected repeatedly by the courts as frivolous and a waste of court resources. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (sovereign-type theories should be "rejected summarily" because "[r]egardless of an individual's claimed status of descent . . . that person is not beyond the jurisdiction of the courts"); *see also Bey v. State*, 847 F.3d 559, 560—61 (7th Cir. 2017) (explaining the Moorish sovereign citizen movement and rejecting as frivolous the argument that being a Moor makes a plaintiff a sovereign citizen immune from United States

---

[1] I am exercising jurisdiction over this case for the purpose of this order only.

law). The Court of Appeals for the Seventh Circuit summarily rejected McCauley-Bey's theory of sovereign citizenship several months ago in another case. *See McCauley-Bey v. Meuris*, No. 21-2149, 2022 WL 1055560 (7th Cir. April 8, 2022) (rejecting McCauley-Bey's argument that his status as a "Moorish American national" places him beyond the jurisdiction of the Illinois courts). Because McCauley-Bey's patently frivolous arguments do not support any claim that he is "in custody in violation of the Constitution or law or treaties of the United States," 28 U.S.C. § 2241, I will deny the petition without further analysis.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because McCauley-Bey has not made a substantial showing of a denial of a constitutional right, I will not issue him a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Terrance Arnez McCauley-Bey's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, is DENIED and this case is DISMISSED.

2. No certificate of appealability will issue. McCauley-Bey may seek a certificate from the court of appeals under Fed. R. App. P. 22.

3. Any future cases or motions that petitioner files based on the assertion that he is sovereign and beyond the jurisdiction of the courts will be dismissed immediately as frivolous.

4. The clerk of court is directed to enter judgment and close this case.

Entered October 6, 2022.

                                        BY THE COURT:

                                        /s/

                                        _____

                                        JAMES D. PETERSON
                                        District Judge